**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 24-cv-02578-NYW-TPO

ADAEZE NWOSU,

     Plaintiff,

v.

MAGDALIT BOLDUC,
LUC VAILLANT,
THE ARCHDIOCESE OF DENVER,
THE CATHOLIC COMMUNITY OF THE BEATITUDES,
APOSTOLIC NUNCIATURE, UNITED STATES OF AMERICA,
206 TOURS, INC., and
JOHN DOE DEFENDANTS,

     Defendants.

---

**MINUTE ORDER**

---

Entered by Judge Nina Y. Wang

This matter is before the Court on the Court's order directing Plaintiff Adaeze Nwosu ("Plaintiff" or "Ms. Nwosu") to show cause why certain claims should not be dismissed ("Order to Show Cause"). [Doc. 45 at 23]. Ms. Nwosu has responded.[1] [Doc. 46; Doc. 48]. For the reasons set forth below, the Order to Show Cause is **MADE ABSOLUTE**.

This suit arises from Ms. Nwosu's "13-day religious pilgrimage to the Holy Land" in 2023. [Doc. 1 at ¶ 3.1]. Ms. Nwosu—who is Black—alleges that she suffered discrimination and other wrongs during and after the trip. *See generally* [*id.*]. Defendants are a collection of individuals and entities with varying levels of connection to the trip. Defendant 206 Tours, Inc. ("206 Tours") organized the trip. [*Id.* at ¶ 3.1]. Defendant Magdalit Bolduc ("Sister Bolduc") was the tour guide. [*Id.*]. Sister Bolduc is a nun and member of the Catholic Community of the Beatitudes (the "Community"). [*Id.* at ¶ 2.2]. Defendant Luc Vaillant ("Father Vaillant") allegedly participated in the wrongful conduct

---

[1] Because Plaintiff proceeds pro se, the Court liberally construes her filings. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam). But the Court cannot and does not act as her advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and applies the same procedural rules and substantive law to Plaintiff as to a represented party, *see Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002); *Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

against Plaintiff after the trip. [*Id.* at ¶¶ 8.2.13, 8.2.15]. He is a priest within the Archdiocese of Denver (the "Archdiocese"). [*Id.* at ¶ 2.3]. Ms. Nwosu alleges that, under the Catholic Church's hierarchy, the Apostolic Nunciature of the United States ("Apostolic Nunciature") exercises "spiritual and temporal authority" over Catholics in the United States, including Sister Bolduc, Father Vaillant, the Community, and the Archdiocese. [*Id.* at ¶ 2.6]. Ms. Nwosu also names "John Doe Defendant(s)" as a party but provides no other details. [*Id.* at 1]. *See generally* [*id.*].

Ms. Nwosu brought claims for race and age discrimination under federal law, along with several tort and contract claims under state law. [*Id.* at ¶¶ 8.1–8.5]. The Archdiocese, Sister Bolduc, Father Vaillant, and the Community (the "Archdiocese Defendants") moved to dismiss the claims against them under Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Doc. 34]. The Court granted the motion insofar as it sought dismissal of Plaintiff's claims. [Doc. 45 at 23]. The Court noted, however, that the Archdiocese Defendants did not address the age discrimination claim against them. [*Id.* at 8]. But the Court nevertheless found "several deficiencies on the face" of Ms. Nwosu's age discrimination claim. [*Id.* at 8–9]. Observing that sua sponte dismissal under Rule 12(b)(6) is permitted when "it is patently obvious" that the claim lacks merit and amendment would be futile, the Court ordered Ms. Nwosu to show cause why her age discrimination claim against the Archdiocese Defendants should not be dismissed. [*Id.* at 9 (quoting *McKinney v. Okla. Dep't of Hum. Servs.*, 925 F.2d 363, 365 (10th Cir. 1991))].

The Court then addressed Ms. Nwosu's claims against 206 Tours, the Apostolic Nunciature, and the John Doe Defendants. [*Id.* at 20–23]. None of these defendants have appeared in the case. The Court found no evidence that any of these defendants had been properly served under Rule 4 of the Federal Rules of Civil Procedure. *See* [*id.*]. And given the lack of information about the John Doe Defendants, the Court noted that dismissal may additionally be appropriate for those defendants because they are not "sufficiently identified" to permit service. [*Id.* at 20 n.11 (quoting *Culp v. Williams*, No. 10-cv-00886-CMA-CBS, 2011 WL 1597686, at *3 (D. Colo. Apr. 27, 2011), *aff'd*, 456 F. App'x 718 (10th Cir. 2012))]. Thus, the Court ordered Ms. Nwosu to show cause why her claims against these defendants should not be dismissed.

The Court addresses the age discrimination claim against the Archdiocese Defendants before turning to whether Ms. Nwosu has properly served the remaining defendants.

## I.    Age Discrimination Claim Against Archdiocese Defendants

Ms. Nwosu brings her age discrimination claim under the Age Discrimination Act of 1975 ("AgeDA"), 42 U.S.C. §§ 6101–6107. *See* [Doc. 1 at ¶¶ 8.1–8.1.2]. The AgeDA provides that "no person in the United States shall, on the basis of age, . . . be subjected to discrimination under[] any program or activity receiving Federal financial assistance." 42 U.S.C. § 6102. Before bringing an AgeDA claim, a party must "give notice" of the suit

2

to the Secretary of Health and Human Services, the Attorney General, and the person to be sued.  § 6104(e).

In the Order to Show Cause, the Court observed that Ms. Nwosu failed to allege that she was subjected to age discrimination by an entity receiving federal assistance. [Doc. 45 at 8].  Nor had she explained how individual liability against Sister Bolduc and Father Vaillant would be available under the AgeDA.  [*Id.*].  And although the AgeDA's pre-suit requirements are likely non-jurisdictional, the Court discerned no allegation or evidence in the record that Ms. Nwosu had complied with them.  [*Id.* at 8  n.7].  The Court also found that Ms. Nwosu's allegations of age discrimination were conclusory.  [*Id.* at 8]. As the Court explained, there is no allegation that any Defendant other than Sister Bolduc engaged in discrimination, and there was no allegation that Sister Bolduc's conduct was motivated by age-based animus instead of other factors.  [*Id.* at 8–9].

Ms. Nwosu responds that "her claims are fully pled."  [Doc. 46 at 2 ¶ 2].  She says that she has stated an age discrimination claim based solely on the allegation that everyone on the pilgrimage other than her was over 50 years old, while she was only 30 years old at the time of the pilgrimage.[2]  [*Id.*].

This is unresponsive to the issues raised in the Order to Show Cause.  Ms. Nwosu does not suggest that any of the Archdiocese Defendants receives federal funds.  She does not explain how she could prevail on an AgeDA claim against individual defendants. She fails to address the AgeDA's pre-suit requirements.[3]  And Ms. Nwosu's theory—that Defendants acted out of age-based animus merely because the other trip participants were older than her—is entirely speculative in light of her specific allegations assigning other motives to Sister Bolduc.  *See* [Doc. 45 at 8–9].  Even construed liberally, Ms. Nwosu's factual allegations fail to state a plausible claim for age discrimination.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (setting out plausibility standard).  And taking Ms. Nwosu at her word that her claims are "fully pled," the Court respectfully concludes that it is "patently obvious" that Ms. Nwosu cannot prevail on the facts alleged, and that amendment would be futile.  *See McKinney,* 925 F.3d at 365 (quotation omitted).  Sua sponte dismissal under Rule 12(b)(6) is therefore appropriate.  *Id.*  Ms. Nwosu's age discrimination claim against the Archdiocese Defendants is **DISMISSED with prejudice**. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) ("A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile.").

---

[2] Ms. Nwosu's response also includes other irrelevant assertions that the Court need not address.  *See* [Doc. 46 at 2–3].

[3] In addition to this Court's Order to Show Cause, another court has previously warned Ms. Nwosu that her age discrimination claim against these defendants "likely" fails for failure to exhaust administrative remedies. *Nwosu v. Bolduc*, No. 23-cv-03841-DLF, 2024 WL 1050339, at *2 n.1 (D.D.C. Mar. 10, 2024).

3

## II.    Claims Against Remaining Defendants

The Court turns to whether Ms. Nwosu has properly served 206 Tours, the Apostolic Nunciature, and the John Doe Defendants.  Under Rule 4(m), Ms. Nwosu had 90 days to serve these defendants.  Fed. R. Civ. P. 4(m).  She bears the burden of establishing that service was valid.  *FDIC v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992).

Ms. Nwosu has purportedly served 206 Tours and the Apostolic Nunciature "by courier"—i.e., FedEx.  *See* [Doc. 7-4; Doc. 9; Doc. 10].  In the Order to Show Cause, the Court explained that service by mail does not satisfy Rule 4(h)(1)(B), which permits personal service on corporations and unincorporated associations.  *See* [Doc. 45 at 21].  Nor was there evidence that service was valid under Rule 4(h)(1)(A), which permits service in accordance with state law under Rule 4(e)(1).  [*Id.*].  Rule 4(e)(1) allows service as authorized by the law of the state "where the district court is located or where service is made."  Fed. R. Civ. P. 4(e)(1).

With respect to 206 Tours, the Court has already explained why Ms. Nwosu failed to effect valid service.  [Doc. 45 at 21–22].  She served 206 Tours by private carrier in Tennessee, [Doc. 9], so she must prove that this constituted valid service under either Tennessee or Colorado law, *see* Fed. R. Civ. P. 4(e)(1).  But Colorado law permits substitute service—such as service by mail—only after the serving party makes a motion demonstrating its due diligence in attempting personal service.  Colo. Rule Civ. Proc. 4(e), (f).  Plaintiff filed no such motion, so her attempt to serve 206 Tours by mail is not valid under Colorado law.  [Doc. 45 at 21 (citing *O'Hanlon v. AccessU2 Mobile Sols., LLC*, No. 18-cv-00185-RBJ-NYW, 2018 WL 3586395, at *15 (D. Colo. July 26, 2018))].  And while Tennessee law does permit service by mail, it requires a party to file a signed return receipt and endorsed copy of the summons in order to complete service.  [*Id.* at 22 (first citing Tenn. Rule Civ. Proc. 4.03(2); and then citing *Hall v. Haynes*, 319 S.W.3d 564, 577 (Tenn. 2010))].  Because Ms. Nwosu failed to file these documents, she did not effect service under Tennessee law.  [*Id.*].

As for the Apostolic Nunciature, the Court has not yet addressed Ms. Nwosu's attempt to serve it by private carrier in the District of Columbia.  *See* [Doc. 7-4].  District of Columbia law permits service by "registered or certified mail, return receipt requested," or by first class mail with a notice and acknowledgment of service.  D.C. Rule Civ. Proc. 4(c)(4), (5).  Numerous courts have recognized that service by private carrier does not qualify as service through registered, certified, or first class mail.  *See, e.g.*, *McGee-Hudson v. United States*, No. 16-cv-00796-JWD-EWD, 2017 WL 11708325, at *5–7 (M.D. La. 2017) (collecting cases); *Dixon v. Tesla Motors, Inc.*, No. 1:23-cv-00326-RP, 2024 WL 4875291, at *3 (W.D. Tex. Nov. 13, 2024) (concluding that service via UPS, a "private shipping company," did not constitute registered or certified mail under Texas law (collecting cases)); *Davis v. Pilot Co.*, No. 3:24-cv-00206-DPJ-ASH, 2025 WL 77066, at *3 (S.D. Miss. Jan. 10, 2025) (finding that service by private courier was not "first-class mail" under Mississippi law).  Thus, Ms. Nwosu's attempt to serve the Apostolic

Nunciature by FedEx does not amount to valid service under District of Columbia law.[4] And because Ms. Nwosu failed to file a motion for—or be granted leave for—substitute service on the Apostolic Nunciature, the service is not valid under Colorado law either. *See O'Hanlon*, 2018 WL 3586395, at *15.

Ms. Nwosu's response to the Order to Show Cause does not address the law regarding service of process. She first asserts that proof of service is reflected on the "docket sheet." [Doc. 46 at 2]. As explained, though, the filed documents do not establish valid service. Ms. Nwosu also suggests that she effected valid service because she received communications from 206 Tours and the Apostolic Nunciature showing that these defendants are aware of this lawsuit. [*Id.*]. But "actual notice of a lawsuit does not cure the failure to provide proper service." *Diaz v. U.S. Att'y Gen. Off.*, No. 14-cv-01086-KG-SCY, 2015 WL 13307288, at *2 (D.N.M. Aug. 3, 2015) (quotation omitted); *see also, e.g.*, *Pulse v. Larry H. Miller Grp.*, No. 03-cv-02073-WDM-PAC, 2005 WL 1563222, at *8 (D. Colo. June 20, 2005) ("[A]ctual notice of the lawsuit does not satisfy service of process requirements." (citations omitted)), *recommendation adopted in relevant part*, 2005 WL 2453091, at *1 (D. Colo. Sept. 30, 2005). The Court respectfully concludes that Ms. Nwosu has failed to meet her burden to show that service on 206 Tours or the Apostolic Nunciature was valid. *Oaklawn Apartments*, 959 F.2d at 174.

Ms. Nwosu does not address the John Doe Defendants beyond the conclusory assertion that service on these defendants was "returned." [Doc. 46 at 2]. But there is no sign that the John Doe Defendants have been identified, let alone served. Ms. Nwosu filed "proof of service" forms only for the named defendants and non-party Jeffrey Johnson. *See* [Docs. 7-1 to 7-6]. She thus fails to carry her burden to show that the John Doe Defendants were validly served. Moreover, the Complaint contains no allegations that sufficiently identify the John Doe Defendants to permit service of process. [Doc. 45 at 20 n.11]; *Culp*, 2011 WL 1597686, at *3. *See generally* [Doc. 1]. This defect also warrants dismissal.

Accordingly, Ms. Nwosu's claims against 206 Tours, the Apostolic Nunciature, and the John Doe Defendants are **DISMISSED without prejudice**.[5] *See* Fed. R. Civ. P. 4(m) (requiring dismissal without prejudice when plaintiff fails to effect timely service).

For these reasons, **IT IS ORDERED** that:

(1)    The Order to Show Cause, [Doc. 45 at 23], is **MADE ABSOLUTE**;

---

[4] Ms. Nwosu's service on 206 Tours is likely also invalid under Tennessee law for this additional reason. *See* Tenn. Rule Civ. Proc. 4.04(10) (authorizing service via "registered return receipt or certified return receipt mail").

[5] Although the Court dismisses these claims on technical grounds, they would likely also be subject to dismissal on their merits for the same reasons as Ms. Nwosu's claims against the Archdiocese Defendants. *See* [Doc. 45 at 4–19].

(2)     Ms. Nwosu's age discrimination claim against the Archdiocese Defendants is **DISMISSED with prejudice**;

(3)     Ms. Nwosu's claims against 206 Tours, Inc., the Apostolic Nunciature of the United States of America, and the John Doe Defendants are **DISMISSED without prejudice**;

(4)     Pursuant to Fed. R. Civ. P. 54(d) and D.C.COLO.LCivR 54.1, the Archdiocese Defendants are **AWARDED** their costs; and

(5)     The Clerk of Court is **DIRECTED** to enter judgment and terminate this case.

DATED:  May 5, 2026